UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

03 C.A. NO. 12509 PBS

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES,
INC.
          Plaintiffs,

v.

S.G.B., LTD., GUY
BISSONNETTE,
GARY GREAVES and
ROGER A. SPINA,
          Defendants.

## AFFIDAVIT OF RICHARD J. BOWEN

I, Richard J. Bowen, being under oath depose and state as follows:

1.    I am the President and Sole Shareholder of Honey Dew Associates, Inc. ("HDA"), a corporation organized under the laws of the Commonwealth of Massachusetts with its principal place of business at 35 Braintree Hill Office Park, Braintree, Massachusetts and duly registered to conduct business in Rhode Island. HDA is engaged in franchising donut and coffee shops known as Honey Dew Donuts® Shops. There are more than 160 Honey Dew Donuts® Shops in Massachusetts, Rhode Island, Connecticut, Maine and New Hampshire.

2.    At all times relevant hereto, HDA has been and continues to be the owner of several United States trademarks and service marks, all on the Principal Register as follows:

| Trademark and Service Mark | Federal Reg. No. and Date | MA Reg. No. and Date | RI Reg. No. and Date |
|---|---|---|---|
| Honey Dew Donuts | 2,382,230<br>September 5, 2000 | 51323<br>June 1, 1995 | 95-6-8<br>June 9, 1995 |
| Current Honey Dew logo | 2,384,834<br>September 12, 2000 | 56591 & 56592<br>November 3, 1998 | 981104 & 981105<br>November 12, 1998 |
| Honey Dew Bear with | 1,238,646 | NA | NA |

| | | | |
|---|---|---|---|
| "Honey Dew Donuts" | May 17, 1983 | | |
| Honey Dew Bear Head with "Honey Dew Donuts" | 2,011,623<br>October 29, 1996 | 51322<br>June 1, 1995 | 95-6-9<br>June 9, 1995 |
| "Always Fresh, Always Good" | 2,108,962<br>October 28, 1997 | 53343<br>October 15, 1996 | 961013<br>October 21, 1996 |
| "Froosh" with design | 2,437,879<br>March 27, 2001 | 56175<br>July 13, 1998 | 980712<br>July 10, 1998 |
| "Chillerchino" | 2,164,133<br>June 9, 1998 | 54486<br>June 26, 1997 | 970701<br>July 1, 1997 |

The Plaintiff is also the owner of the service marks "Honey Dew Donuts" and "Always Fresh, Always Good", and the trademarks "Honey Dew Donuts" with Bear Head logo and "Chillerchino", all duly registered with the State of Rhode Island (all such trademarks and service marks, collectively, the "Marks"). Copies of relevant state and federal registrations are attached to the Verified Complaint as Exhibit "A".

3.  HDA's Mark's are widely promoted and its products are advertised, offered for sale and sold and distributed through its market area. HDA and its franchisees have been doing business under the marks for more than 27 years. The Marks are entitled to full protection under the Lanham Act.

4.  As a result of substantial sales, advertising and high quality standards, HDA's Marks have acquired considerable value and have become well known to the consuming public, identifying HDA as the source of products to which the marks are applied and identifying the products bearing the marks as being of high quality.

5.  Bowen Investment, Inc. ("BII") is a corporation organized under the laws of the Commonwealth of Massachusetts. BII has contracted with HDA for the right to franchise certain Honey Dew Donuts® Shops in Rhode Island, including the shop operated at 343 Providence Street, Warwick, RI. All Honey Dew Donuts® franchises include a non-exclusive right for the franchisee to utilize HDA's trade

2

dress and Marks and requires, upon termination, that the franchisee will immediately discontinue the use of all trademarks, sign structures, and forms of advertising indicative of HDA as symbols of its business and products as well as paying all sums due under the Franchise Agreement.

6. Upon my best information and belief, Defendants are continuing to hold themselves out to the public as a Honey Dew Donuts® Shop and have continued use of the Marks despite their termination and despite a written request that they cease and desist from such infringement.

7. Defendants are presently selling, offering for sale, marketing and otherwise trafficking in unauthorized products, and operating a store, virtually identical in superficial appearance to the authorized Honey Dew Donuts® Shops and products and the Defendants' products bear HDA's Marks.

8. If Defendants are permitted to continue their illegal acts of selling and marketing unauthorized Honey Dew Donuts® products which bear HDA's registered Marks, HDA's reputation and that of its other franchisees could be irreparably injured. Continued use of HDA's Marks and trade dress will result in irreparable harm to HDA and its franchisees, including possible consumer confusion. HDA legitimately fears not only a current loss of sales because of the Defendants' misconduct, but also, and more detrimentally, a future loss of sales and damage to its and its Franchisees' reputations, as customers have no way of knowing that Defendants' shop, is not an HDA franchise, nor that the Defendants' goods are not sold or distributed by HDA because the Defendants continue to use HDA's Marks without authorization and despite demands to cease.

Signed under the pains and penalties of perjury this ____ day of December, 2003.

                                                                                  _/s/ Richard J. Bowen_
                                                                                  Richard J. Bowen, President