UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 JAN -5  A 11: 58

U.S. DISTRICT COURT
DISTRICT OF MASS.

BOWEN INVESTMENT, INC. and
HONEY DEW ASSOCIATES,
INC.
        Plaintiffs,

v.

S.G.B., LTD.,
GUY BISSONNETTE,
GARY GREAVES, and
ROGER A. SPINA,
        Defendants.

C.A. No. 03-12509-PBS

## ANSWER OF S.G.B., LTD., GARY GREAVES AND ROGER A. SPINA

Now come Defendants, S.G.B., Ltd., Gary Greaves and Roger A. Spina in answer to the case as follows:

1. Denied. The agreement between these parties concerning the Honey Dew Franchise is rightfully in the Rhode Island Federal District Court.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted. However, the franchise agreement terminated in October 2003, eliminating all rights plaintiff has under said agreement.

12. Admitted.

13. Admitted.

14. Denied. Defendants specifically assert that the parties agreed on a subsequent purchase pay back during the course of their dealings.

15. Denied. This case is properly before the Rhode Island court system and not the Massachusetts system, per the agreement between the parties and the contacts rising out of the agreement with the state of Rhode Island.

16. Denied. All payments have been made up to date.

17. Denied. Defendants admit that they received notice of default but it was cured prior to the filing of any suit. The payments made under the notice of default were accepted by the plaintiff.

18. Denied. There was no need for a reinstatement; the payments had been made on time.

19. Admitted.

20. Admitted that the notices were sent to the defendants, however, the notices were improper in that the payments had been made.

21. Admitted that the notice was sent to the defendants, however, all payments had been made under the default notices.

22. Admitted. There is no reason to terminate the facility in light of the fact that no default had occurred.

23. Admitted.

24. Admitted that the franchise agreement does have said language concerning discontinuation of trademark, however the defendants specifically assert the payments were made under the default notice.

25. Admitted that the defendants are operation the Warwick location, however, no termination was valid.

26. Admitted. Defendants did receive the Cease and Desist order.

27. The defendants continued to operate under the franchise agreement, which terminated in October 2003.

28. Defendants admit that the franchise agreement has said language, however, no default has occurred.

29. Defendants admit that the franchise agreement has said language, however, no default has occurred.

30. Admitted. However, the defendants have the right to hold themselves out as an authorized Honey Dew Donut shop under the franchise agreement.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

WHEREFORE, the Defendants, S.G.B., Ltd., Gary Greaves and Roger A. Spina request the plaintiff's complain to be dismissed with prejudice.

## COUNT II

38. Admitted that the plaintiff is reincorporating paragraphs 1-37.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

WHEREFORE, the defendants, S.G.B, Ltd., Gary Greaves and Roger A. Spina hereby request the plaintiff's complaint to be dismissed with prejudice.

_____
James V. Paolino, Esquire
Cooper, Thompson & Rogers
51 Jefferson Boulevard
Warwick, RI 02888
Phone (401)780-9996
Fax (401)941-9500

## VERIFICATION

I, Roger A. Spina, on oath, do hereby certify that I am the president of S.G.B., Ltd., and that I have read the foregoing, and that it is true to the best of my knowledge, information and belief.

_____
Roger A. Spina, Jr.
President - S.G.B., Ltd.

_____
Roger A. Spina
Individually